**Michael JONES, Appellant,**

v.

**Tom ROY, Commissioner of Depart-
ment of Corrections, Joan Fabian,
Former Commissioner of Corrections,
sued in their individual and official
capacities, Appellees.**

No. 11–2517.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 7, 2011.

Filed: Oct. 7, 2011.

Michael Jones, Moose Lake, MN, pro se.

Before MURPHY, ARNOLD, and
BENTON, Circuit Judges.

PER CURIAM.

Michael Jones appeals the district
court's [1] pre-service dismissal with preju-
dice of his 42 U.S.C. § 1983 complaint, in
which he alleged that his personal proper-
ty had been confiscated and retained by
the Minnesota Department of Corrections
without affording him due process. Upon
careful de novo review, this court con-
cludes that dismissal under 28 U.S.C.
§ 1915(e)(2)(B)(ii) was proper. *See Moore
v. Sims,* 200 F.3d 1170, 1171 (8th Cir.2000)
(per curiam) (standard of review).

Specifically, Jones did not state a
claim against defendants in their individual
capacities because he did not plead facts

---

1. The Honorable Ann D. Montgomery, United
States District Judge for the District of Minne-
sota, adopting the report and recommenda-
tions of the Honorable Leo I. Brisbois, United
States Magistrate Judge for the District of
Minnesota.

suggesting they were personally involved in the confiscation and deprivation of his property. *See Ashcroft v. Iqbal,* 556 U.S. 662, ——, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). His claim against defendants in their official capacities failed because Minnesota provides an adequate post-deprivation remedy that Jones may pursue to obtain possession of his property. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (unauthorized, negligent, or intentional deprivation of property by state employee does not violate Due Process Clause if adequate post-deprivation remedy is available); *Storms v. Schneider,* 802 N.W.2d 824, 827 (Minn. App.2011) (noting that replevin action under Minnesota law is "appropriate means to recover possession of personal property"); *see also Swenson v. Holsten,* 783 N.W.2d 580 (Minn.App.2010) (asserting official-capacity claim against Minnesota Commissioner of Department of Natural Resources for, inter alia, replevin and conversion).

This court also finds the district court did not abuse its discretion in denying Jones's motion to amend his complaint, because Jones never explained how he would amend his allegations to state a viable claim. *See Moore v. Jackson,* 123 F.3d 1082, 1089 (8th Cir.1997) (per curiam) (standard of review).

This court affirms. *See* 8th Cir. R. 47B.